MINUTE ENTRY
ROBY, M. J.
October 26, 2007

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY ESTELLE** | **CIVIL ACTION** |
| **VERSUS** | **NO:  07-01559** |
| **FMC TECHNOLOGIES, ET AL.** | **SECTION: "I" (4)** |

### ORDER

Before the Court is a **Motion to Shorten the Time to Comply with Discovery Requests or, in the Alternative, for Expedited Status Conference (R. Doc. 28)**, filed by the Plaintiff, seeking an order from the Court shortening the time the Defendants have to answer the Plaintiff's discovery requests. In opposition, the Defendants filed **FMC Technologies, Inc.'s Opposition to Plaintiff's Motion to Shorten Time to Comply with Discovery Requests or, in the Alternative, for Expedited Status Conference and FMC's Request for Additional Time (R. Doc. 30)**.

The motion was heard by oral argument on October 24, 2007. On the date and time of the hearing, J. Arthur Smith, III and Nicole Streva appeared on behalf of the Plaintiff and Sarah Iiams appeared on behalf of the Defendants.

### I.    Background

The Plaintiff files this suit against the Defendants, alleging that on or about November 7,

MJSTAR:  00:13

2006, around 11:00 p.m., while measuring a mud-line hanger, the Plaintiff slipped and fell on a wet pipe rack. (R. Doc. 1.) At the time, the Defendant employed the Plaintiff as a service technician and assigned him to be seaman on crew of the Todoco Rig, a semi-submersible drilling rig. (R. Doc. 1.) As a result of the fall, the Plaintiff sustained various physical and mental injuries. (R. Doc. 1.) The Plaintiff brought suit against the Defendants for disability benefits, medical expenses, lost earnings, and lost earnings capacity, among other damages. (R. Doc. 1.) The Plaintiff brought his claims under the federal jurisdiction of Section 33 of the Merchant Marine Act, 46 U.S.C. § 688 ("Jones Act") and general maritime law. (R. Doc. 1.)

The Plaintiff alleges that he has been totally disabled from the accident and has been undergoing medical treatment, testing, and examination for the various back ailments–including a large right L5-S1 disc herniation"–resulting from his work for the Defendants. (R. Doc. 28, p. 2.) On December 14, 2006, the Plaintiff underwent a lumbar discectomy to decompress his nerve root. (R. Doc. 28, p. 2.) However, because the discectomy was unsuccessful, the Plaintiff underwent disc fusion surgery on July 11, 2007. (R. Doc. 28, p. 2.) After the back surgeries, the Plaintiff must now wear a back brace and perform physical therapy to convalesce. (R. Doc. 28, p. 2.)

In September 2007, the Plaintiff discovered that the workers' compensation carrier had ceased its authorization for payments for his medical treatment and controverted his claim for disability benefits. (R. Doc. 28, p. 3.) Consequently, the Plaintiff has not been receiving workers' compensation or maintenance benefits for his living expenses after September 2007. (R. Doc. 28, p. 2.)

On September 17, 2007, the Plaintiff propounded interrogatories, requests for the production of documents, and a request for an admission. (R. Doc. 28-3, 28-7.) However, the Defendants refused to answer the Plaintiff's discovery inquiries, asserting that they would not answer discovery

until the parties engaged in a Federal Rule of Civil Procedure ("Rule") 26(f) conference.

At the hearing on the motion, the Plaintiff informed the Court that a scheduling order had not yet been entered in the case. To expedite the matter, the undersigned magistrate judge contacted the chambers of U.S. District Court Judge Lance M. Africk ("Judge Africk"), and confirmed that Judge Africk was available to hold a scheduling conference with the parties by Wednesday, October 31, 2007.

The Plaintiff moves the Court to shorten the time for the Defendants to comply with the Plaintiff's discovery requests based on his health conditions and his need for compensation for his medical and living expenses. In opposition, the Defendants assert that the Plaintiff's request is premature because the parties have not participated in a Rule 26(f) conference. Furthermore, the Defendants contend that the Plaintiff does not advance good cause for the shortening of the standard discovery deadlines set by the Rules.

## II.     **Standard of Review**

Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Otherwise, there is no priority rule for the sequence of discovery. *See* Fed. R. Civ. P. 26(d). Under Rule 26(d),"[u]nless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." The principal effect of Rule 26(d) is "to eliminate any fixed priority in the sequence of discovery." Comment to Fed. R. Civ. P. 26(d). A court has discretion to vary the usual priority, however, such relief is granted "only for 'the most obviously compelling reasons.'" Comment to Fed. R. Civ. P. 26(d) (quoting 2A Barron & Holtzoff, *Federal Practice and Procedure* 44-47 (Wright ed. 1961)).

**III.    Analysis**

The Plaintiff requests that the Court shorten the discovery deadlines because he is currently not working, and thus is unable to pay for continuing medical treatment for his injuries and for his basic necessities of life.  At the hearing on the motion, counsel for the Plaintiff informed the Court that the plaintiff worked for multiple offshore rigs, and therefore must determine first what discovery needs to be done as to which employer before committing to discovery deadlines in a Rule 26(f) conference.  Accordingly, the Plaintiff requests that his requested discovery be expedited, so that he can determine how to structure the discovery.  The Plaintiff further contends that he believes that the Defendants are controverting his disability and medical benefits because he filed a Jones Act claim in this Court.

The Defendants counterargue that they are willing to produce responses to the Plaintiff's requests, but the Plaintiff must first adhere to the Rules and the timeline for discovery, and thus must participate in a Rule 26(f) conference before propounding discovery.  The Defendants note that "no party has made Rule 26 disclosures" in the matter.  (R. Doc. 30.)  Consequently, they maintain that the Plaintiff's motion is premature.  Furthermore, the Defendants assert that the Plaintiff has not shown good cause for shortening the time to respond to discovery.  Accordingly, the Defendants oppose the Plaintiff's motion, and request that the Court permit them to respond to the Plaintiff's discovery inquiries up to 35 days after the date eventually set for the Rule 26(f) conference.

Under Rule 26(d), a party may not seek discovery from any source before the parties have conferred and submitted a discovery plan as required by Rule 26(f), unless the parties agree or the Court orders otherwise. Fed. R. Civ. P. 26(d).  Here, the parties have not agreed to limit or shorten the time for the Defendant to respond to discovery.  Furthermore, although the Plaintiff has demonstrated compelling reasons for why he may circumvent the standard discovery deadlines and

require the Defendants to produce discovery responses at an earlier date, the fact remains that he propounded discovery before seeking the Court's intervention. Thus, the Plaintiff violated Rule 26(d) by propounding discovery before a Rule 26(f) conference and now, after the fact, attempts to seek relief. The Plaintiff should have appropriately sought relief before unilaterally serving the Defendants with his discovery inquiries.

Rule 26(d) is in place so that the parties confer with one another to implement a reasonable program or plan for discovery without the initial assistance of the court. *See* Comment to Fed. R. Civ. P. 26(f).    In the absence of a Rule 26(f) conference, the Defendants are under no obligation to respond to the Plaintiff's premature discovery requests because they were submitted in violation of language and policy of Rule 26(d). Under the Rules, the parties must first confer and set forth their discovery expectations or their respective positions in a discovery conference before the Plaintiff may proceed with discovery.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Shorten the Time to Comply with Discovery Requests or, in the Alternative, for Expedited Status Conference (R. Doc. 28)** is **DENIED**.

**IT IS FURTHER ORDERED** that in anticipation of the scheduling conference before Judge Africk, the parties must conduct a Rule 26(f) conference by **Friday, October 26, 2007**. After the conference, the parties may then propound discovery in compliance with the Rules.

New Orleans, Louisiana, this __29th_ day of October 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**